**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Tyson Dell Anderson,<br>Plaintiff<br>-vs-<br>Ryan Thornell, et al.,<br>Defendants. | CV-25-1325-PHX-DJH (JFM)<br><br>**Report & Recommendation** |

Plaintiff commenced this action by filing his Complaint (Doc. 1) on April 21, 2025. Plaintiff asserts medical care claims (arising from Plaintiff's psychiatric care) against 12 named defendants and one fictitiously named defendant. On August 22, 2025 the Court ordered (Doc. 13) Plaintiff to complete and return packets for service on defendants. Those service packets were to be returned within twenty-one days.

Plaintiff did not do so, and on September 24, 2025, Plaintiff was ordered to either return his completed service packets or show cause why the case should not be dismissed for failure to prosecute. (Order 9/24/25, Doc. 15.) Plaintiff responded (Doc. 17) asking for an extension of 30 to 45 days, or until after his anticipated release on December 31, 2025, to allow him to gather the required information and to have access to a computer.

Given the time already allowed, and the expected ordinary delays following a release, the Court was not inclined to delay until after release. Plaintiff was, however, given through November 3, 2025 to provide his service packets. (Order 10/7/25, Doc. 17.) Plaintiff was cautioned: "Plaintiff should not anticipate further extensions."

Plaintiff did not comply, and on November 13, 2025 Plaintiff was ordered to "either: (1) return completed service packets as previously ordered; or (2) file a response to this order showing cause why this case should not be dismissed for failure to prosecute." (Order 11/13/25, Doc. 19.)

- 1 -

To date Plaintiff has not done so, and the deadline for Plaintiff to respond to the Order to Show Cause expired on November 20, 2025.[1]

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633. Because dismissal is a harsh penalty, however, it is appropriate only in extreme circumstances of unreasonable delay. *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The appellate courts "may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." *Hernandez*, 138 F.3d at 399 (citations omitted). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions."" *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, this case has been effectively stopped from progressing in any manner since August 22, 2025, the date of the Service Order (Doc. 13) due to Plaintiff's failure to return

---

[1] Plaintiff was transferred to a different prison unit, and his copy of the Order to Show Cause was returned undeliverable on the next day. It was immediately resent to Plaintiff's new address on November 14, 2025 (Doc. 20). The undersigned has delayed issuing the instant Report and Recommendation to ensure Plaintiff had an opportunity to respond.

completed service packets, and such failure precludes a resolution of his claims on the merits by forestalling service on Defendants. Thus the **first**, **second**, and **fourth** factors call for dismissal. Regarding the **third** factor, Defendants will likely eventually suffer prejudice from Plaintiff's delays as a result of impacts on their ability to garner evidence to support any defenses.

With regard to the **fifth** factor, less drastic sanctions, the courts consider whether the court has discussed or tried alternatives, or warned the plaintiffs of the chance of dismissal. *Hernandez*, 138 F.3d at 401. Here, Plaintiff has been warned in the service Order (Doc. 13 at 15), the original Order to Show Cause (Doc. 15), the extension Order (Doc. 17), and the current Order to Show Cause (Doc. 19) of possible dismissal of his case for failure to return service packets. Despite those cautions, Plaintiff has failed to respond to the Court, provide the service packets, or to seek extensions of time to do so. This suggests that further admonitions or threats of litigation related sanctions are unlikely to be effective. Given Plaintiff's *in forma pauperis* status (*see* Order, Doc. 12, granting IFP application), monetary sanctions are also unlikely to be effective. However, Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the undersigned finds that a dismissal with prejudice would be unnecessarily harsh, and the lesser sanction of dismissing the complaint and action without prejudice is appropriate.

**IT IS THEREFORE RECOMMENDED:**

(A) The reference of this case to the magistrate judge be **WITHDRAWN**.

(B) Plaintiff's Complaint (Doc. 1) and this action be **DISMISSED WITHOUT PREJUDICE**.

### EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated: December 9, 2025

25-1325r RR 25 12 08 re Dismiss FTP SvcPkts.docx

James F. Metcalf
United States Magistrate Judge